# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHRISTINA DRAKE,

    Plaintiff,

v.

RANDY AVENT, individually and as
President of Florida Polytechnic University;
and TERRY PARKER, individually and as
Provost and Executive Vice President of
Florida Polytechnic University,

    Defendants.

_____/

Case No. 8:18cv2259 T 17-taw

<u>Jury Trial Demanded</u>

## <u>VERIFIED COMPLAINT</u>

1. Plaintiff Christina Drake, a university professor, brings this lawsuit against the administrators of a public university for non-renewing her employment contract in retaliation for speaking out publicly on important matters of public concern. Plaintiff sues the defendants individually and in their official capacities for violations of her rights to free speech guaranteed under the First Amendment and Florida Constitution.

## <u>JURISDICTION AND VENUE</u>

2. This is an action to redress the deprivation of First Amendment free speech rights by officials acting under color of state law, for which the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over the parallel deprivations under the Florida Constitution.

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (b)(2) because the defendants reside in this district and a substantial part of the events giving rise to this claim occurred in this district.



## PARTIES

4. Florida Polytechnic University (the "University") is a public university located in Lakeland, Florida.

5. Plaintiff Drake resides in Florida and has been employed by the University since 2014 as a professor in the mechanical engineering department.

6. Defendant Randy Avent resides in Florida and is the President of the University.

7. Defendant Terry Parker resides in Florida and is the Provost and Executive Vice President of the University.

## GENERAL ALLEGATIONS

8. Since her hiring in 2014, Plaintiff Drake has consistently received favorable performance reviews, she has received prestigious awards, and she has brought lucrative grant funding to the University.

9. In May and June 2018, the University terminated numerous employees, including the University's sole librarian and its sole mental health counselor.

10. Between May and August 2018, Plaintiff Drake spoke out publicly regarding the University's numerous employee terminations and raised important matters of public concern.

11. For example, on June 28, 2018, Plaintiff Drake appeared before a public meeting of the Board of Governors for the State University System of Florida ("Board of Governors") and spoke out publicly against the University's termination of numerous employees. Plaintiff Drake told the Board of Governors that the University's personnel actions appeared to be retaliation against whistleblowers and union members, and she specifically warned about the risk of a student committing suicide due to inadequate mental health support and continuity.

12. On August 1, 2018, a University student committed suicide on campus.

13. On August 4, 2018, the Tampa Bay Times published an article titled, "At Florida Poly, a student suicide and a question: Could it have been prevented?" Plaintiff Drake spoke with the Tampa Bay Times reporter and was quoted in the article as stating, "We have a campus makeup that is a ticking time bomb' [for mental health issues]." The article also mentioned that Plaintiff Drake spoke to the Board of Governors before the suicide and specifically warned about inadequate student mental health care.

14. Immediately after the publication of the August 4 Tampa Bay Times article, Defendants Avent and Parker expressed anger toward Plaintiff Drake for speaking out and warned other faculty against similarly speaking out.

15. On August 15, 2018, Defendant Parker notified Plaintiff Drake that her annual contract would not be renewed after the 2018–2019 academic year.

16. Plaintiff Drake alleges Defendant Avent approved Defendant Parker's decision to non-renew Plaintiff Drake's annual contract.

17. Plaintiff Drake alleges that Defendants Avent and Parker caused her employment contract to be non-renewed in retaliation for her speaking out publicly on important matters of public concern.

18. Faculty contracts at the University are automatically renewed unless faculty are provided advanced notice that their contracts will be non-renewed.

19. Defendants' non-renewal of Plaintiff Drake is widely known by other University employees and has a chilling effect on other employees similarly speaking out publicly on important matters of public concern.

20. Plaintiff's interest in publicly speaking out about the appearance of retaliation against whistleblowers and union members, the quality of the University's library system, and the

University's adequate provision of student mental health services outweighs any legitimate interest that the University might have in suppressing free speech.

21. Defendants' retaliation against Plaintiff Drake has caused and will cause damages, including reputational injury.

## COUNT I: DEPRIVATION OF FREE SPEECH RIGHTS (42 U.S.C. § 1983)
### (Against Defendants in their Official Capacities)

22. Plaintiff Drake incorporates by reference, as though pled here, above-numbered paragraphs one (1) through twenty-one (21).

23. Plaintiff Drake engaged in protected speech, including speaking out publicly at a Board of Governors meeting and communicating with the Tampa Bay Times. Plaintiff Drake's speech involved important matters of public concern, including the appearance of retaliation against whistleblowers and union members, the quality of the University's library system, and the University's adequate provision of student mental health services.

24. Plaintiff Drake alleges that her protected speech was a motivating factor in Defendants' decision to non-renew her annual employment contract.

25. Defendants Avent and Parker violated 42 U.S.C. § 1983 by acting under color of law using their authority as the administrators of a public university to retaliate against Plaintiff Drake for speaking out publicly on important matters of public concern, thus depriving her rights guaranteed by the First Amendment of the United States Constitution.

## COUNT II: DEPRIVATION OF FREE SPEECH RIGHTS (42 U.S.C. § 1983)
### (Against Defendants in their Individual Capacities)

26. Plaintiff Drake incorporates by reference, as though pled here, above-numbered paragraphs one (1) through twenty-one (21).

27. Plaintiff Drake engaged in protected speech, including speaking out publicly at a Board of Governors meeting and communicating with the Tampa Bay Times. Plaintiff Drake's speech involved important matters of public concern, including the appearance of retaliation against whistleblowers and union members, the quality of the University's library system, and the University's adequate provision of student mental health services.

28. Plaintiff Drake alleges that her protected speech was a motivating factor in Defendants' decision to non-renew her annual employment contract.

29. Defendants Avent and Parker violated 42 U.S.C. § 1983 by acting under color of law using their authority as the administrators of a public university to retaliate against Plaintiff Drake for speaking out publicly on important matters of public concern, thus depriving her rights guaranteed by the First Amendment of the United States Constitution.

30. In retaliating against Plaintiff Drake, Defendants Avent and Parker showed a reckless indifference to Plaintiff Drake's constitutionally protected right to free speech.

## COUNT III: VIOLATION OF FLORIDA CONSTITUTION, ART. I, SEC. 4
### (Against Defendants in their Individual Capacities)

31. Plaintiff Drake incorporates by reference, as though pled here, above-numbered paragraphs one (1) through twenty-one (21).

32. Plaintiff Drake engaged in protected speech, including speaking out publicly at a Board of Governors meeting and communicating with the Tampa Bay Times. Plaintiff Drake's speech involved important matters of public concern, including the appearance of retaliation against whistleblowers and union members, the quality of the University's library system, and the University's adequate provision of student mental health services.

33. Plaintiff Drake alleges that her protected speech was a motivating factor in Defendants' decision to non-renew her annual employment contract.

34. Defendants Avent and Parker violated Article I, Section 4 of the Florida Constitution by using their authority as the administrators of a public university to retaliate against Plaintiff Drake for speaking out publicly on important matters of public concern.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter relief as follows:

a. declare that Defendants' actions are in violation of the First Amendment of the United States Constitution;

b. enjoin Defendants from non-renewing Plaintiff's annual employment contract or otherwise retaliating against Plaintiff because of her protected speech;

c. award Plaintiff compensatory and punitive damages, to be paid by Defendants in their individual capacities;

d. award Plaintiff her attorney's fees and expenses; and

e. any additional relief determined by the Court to be appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff requests that all triable issues be submitted to a jury trial.

Dated: September 7, 2018.

Respectfully submitted,

Eric Lindstrom
FL Bar No. 104778
Heidi Parker
FL Bar No. 1008110
EGAN, LEV, LINDSTROM &
SIWICA, P.A.
Post Office Box 2231
Orlando, Florida 32802
(407) 422-1400
elindstrom@eganlev.com
hparker@eganlev.com

*Trial Counsel for Plaintiff Christina Drake*

## PLAINTIFF'S VERIFICATION OF FACTUAL ALLEGATIONS

I declare under penalty of perjury that the above-numbered paragraphs one (1) through twenty-one (21) are true to the best of my knowledge and belief.

Executed this __7__ day of September, 2018 in Orlando, Florida.

_____
Christina Drake