UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHRISTINA DRAKE,**

    **Plaintiff,**

vs.                                                Case No.: 8:18-CV-02257-T-17TGW

**RANDY AVENT, individually and as
President of Florida Polytechnic
University; and Terry Parker, individually
and as Provost and Executive Vice
President of Florida Polytechnic
University,**

    **Defendant.**
_____/

**DEFENDANT AVENT'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

    The Defendant, Randy Avent, individually and as President of Florida Polytechnic University, moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint filed by the Plaintiff, Christina Drake, on the grounds that the claim brought against Avent in his official capacity under 42 U.S.C. § 1983 is barred by the Eleventh Amendment to the United States Constitution, and the complaint does not state any claim upon which relief may be granted against Avent in either his official or individual capacities under any other law.

**MEMORANDUM**

    **I.**    **Allegations of the Complaint**

    The Plaintiff sues the Defendant in a three-count verified complaint. In counts I and II respectively Drake invokes 42 U.S.C. § 1983 to sue Avent individually and in his official

capacity as the President of Florida Polytechnic University. In count III Drake invokes Article I, Section 4 of the Florida Constitution to sue Avent in his individual capacity only.

In the complaint, Drake alleges that she was previously employed by Florida Polytechnic University as a professor. She alleges that in May and August 2018, the University terminated numerous employees, including the University's sole librarian and its sole mental health counselor (Compl. ¶ 9), and between those same months she spoke out publicly "regarding the University's numerous employee terminations and raised important matters of public concern" (Compl. ¶ 10). The Plaintiff alleges two "examples," the first of which is that on June 28, 2018, she appeared before a public meeting of the Board of Governors for the State University System of Florida and "spoke out publicly against the University's termination of numerous employees," specifically warning that inadequate mental health support and continuity posed the risk of a student committing suicide. (Compl. ¶ 11).

The second example alleged in the complaint is that on August 4, 2018, the *Tampa Bay Times* published an article in which she was quoted. (Compl. ¶ 13). Specifically, the article included the following references to the Plaintiff: (1) "As mechanical engineering professor Christina Drake puts it: 'We have a campus makeup that is a ticking time bomb' for mental health issues" and (2) referring to the Board of Governor's meeting of June 28, 2018, "[the Plaintiff] met with some Board members and told them about her concerns, including mental health care . . . [and] told them, 'You cannot put students in this high-stress situation and outsource it and say, 'Hey, call this number.'" (A copy of the entire article which is pled in the complaint is attached as Attachment "A" to this motion).

2

The Plaintiff does not allege any act of retaliation committed by the Defendant following the Plaintiff's appearance at the Board of Governor's meeting and before the publication of the *Times* article. But, "immediately" after the latter event Avent, and the Defendant Terry Parker, the Provost of the University, "expressed anger toward the Plaintiff for speaking out and warned other faculty against similarly speaking out." (Compl. ¶ 14). The Plaintiff alleges that on August 15, 2018, Parker informed her that her annual contract would not be renewed after the 2018-2019 academic year. (Compl. ¶ 15). The Plaintiff alleges that faculty contracts are automatically renewed unless advance notice is given and that her nonrenewal was retaliation for her "speaking out publicly on important matters of public concern" and specifically pleads that "Plaintiff's interest in speaking out about the appearance of retaliation against whistleblowers and union members, the quality of the University's library system, and the University's adequate provision of student mental health services outweighs any legitimate interest that the University might have in suppressing free speech." (Compl. ¶ 20)

In her Prayer for relief, Drake requests that the Court declare that Avent's actions violated the First Amendment of the United States Constitution, enjoin him from not renewing the Plaintiff's employment contract or otherwise retaliating against her, award compensatory and punitive damages (to be paid by Avent in his individual capacity), and award Drake attorney's fees and expenses.

## II. Legal Argument

### a. Rule 12(b)(6) Standard

Dismissal of a complaint is appropriate when the Plaintiff "fails to state a claim upon which relief can be granted." When considering the motion a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2008). But that analytical presumption does not apply to "labels and legal conclusions," and a formulaic and bare recitation of the elements of a cause of action need not be taken as true. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S, 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

"Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Id.* (citing *Rivel v. Private Health Care Sys., Inc.*, 520 F.3d 1208 (11th Cir. 2008)). To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 553. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with the defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* A pleading that offers mere labels and conclusions, while they may provide a framework for the complaint, are insufficient without support by factual allegations. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679.

4

### b. The Plaintiff's claim against Defendant Avent in his official capacity for a violation of 42 U.S.C. § 1983 is barred by the Eleventh Amendment to the United States Constitution

The Plaintiff's § 1983 claim against Avent in his official capacity is due to be dismissed because that claim is barred by the Eleventh Amendment to the United States Constitution. "The Eleventh Amendment bars suits seeking damages against a state entity," and it is well recognized that "official-capacity suits filed against state officials are merely an alternative way of pleading an action against the entity" of which the Defendant is an officer. *Hall v. Jarvis*, 2011 WL 971125 at *4 (M.D. Fla. March 2, 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

Although the Plaintiff seeks damages only against Avent, and the Defendant Parker, in their individual capacities, the Supreme Court has also made clear that Eleventh Amendment immunity is to be applied to claims for retroactive injunctive relief as well. Building on the holding in *Edelman v. Jordan*, the Court held in *Pennhurst State School & Hosp. v. Halderman* that "an award of retroactive relief necessarily 'fall[s] afoul of the Eleventh Amendment if that basic constitutional provision is to be conceived of as having any present force.'" *Pennhurst*, 465 U.S. 89, 105-06 (1984) (quoting *Edelman*, 415 U.S. 651, 665 (1974)); *see also Washington v. Bauer*, 149 Fed. Appx. 867, 870 (11th Cir. 2005) ("[A] claimant 'may bring a § 1983 action against state officials in their official capacities, but only for prospective, injunctive relief.'") (quoting *Miller v. King*, F.3d 1248, 1260 (11th Cir. 2004)).

The complaint asks that the Court "enjoin Defendant[] from non-renewing Plaintiff's annual employment contract or otherwise retaliating against Plaintiff because of her protected speech." But as the Plaintiff notes she was informed that "her annual contract would not be

5

renewed after the 2018-2019 academic year," on August 15, 2018, and that Avent already has approved Parker's "decision to non-renew [Drake's] annual contract." (Compl. ¶¶ 15, 16). Clearly the injunctive relief seeks to prevent an act that already has occurred.

### c. Defendant Avent is entitled to qualified immunity in his individual capacity for an alleged violation of 42 U.S.C. § 1983 and the complaint does not state a claim upon which relief may be granted

Qualified immunity is intended to "shield officials from harassment, distraction, and liability when [state officials] perform their duties reasonably." *Randall v. Scott*, 610 F.3d 701, 714 (11th Cir. 2010). When an individually sued government official is acting within this discretionary authority,[1] the eligibility for qualified immunity depends on whether "the facts 'taken in the light most favorable to the party asserting the injury, . . . show [the official's] conduct violated a constitutional right' and . . . 'the right was clearly established.' " *Hall v. Jarvis,* 2011 WL 971125 (M.D. Fla. March 2, 2011) (citing *Akins*, 420 F.3d 1293, 1299 (11th Cir. 2005) and *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Because the ills against which qualified immunity is to protect are caused not only by liability but by the necessity of the sued official to defend himself, the protections secured by immunity are lost if a suit is not terminated at the earliest appropriate juncture. The Defendant in his individual capacity is entitled to a pleading which allows for assessment of his right to immunity.[2] The Plaintiff fails to state a claim upon which relief can be granted. The Defendant of course does not admit that the Plaintiff's speech affected in any way the decision not to

---

[1] Employment decisions would have been within the discretionary authority of the school administrators.

[2] While the Eleventh Circuit acknowledged in *Randall v. Scott* that *Iqbal* effectively overturned its requirement that plaintiffs seeking to impose individual liability under § 1983 face a heightened pleading requirement, the holding of *Iqbal* itself mandates the pleading of a claim supported by facts which would provide individual-capacity defendants with the same protection. *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)

renew her contract but assuming for this motion that those allegations are true, the Defendant nevertheless is entitled to immunity.

"'To overcome a . . . motion [to dismiss] based on the defense of qualified immunity, Plaintiff must allege conditions that, in the light of the already clearly established law at the time of the incident, obviously amounted to' a constitutional violation." *Id.* (citing *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2003) (en banc)). The Plaintiff has not pled a claim based upon Avent's violation of an established right. Notably, the plaintiff pleads that her interest in speaking on the topics she alleges "outweighs any legitimate interest" that the University might have. The Plaintiff thereby acknowledges that First Amendment analysis requires a balancing of an employee's right to speak and the employer's operational needs. *Garcetti v. Ceballos*, 547 U.S. 410, at 418 (2006). The Plaintiff does not allege facts sufficient to clearly establish that the assessment should be resolved in her favor.

Specifically, the Plaintiff does not allege the capacity in which she was speaking. The newspaper article which quotes the Plaintiff specifically identifies her as a "mechanical engineering professor." The Plaintiff does not allege that she purported to be speaking in that capacity or as an individual, or that she took measures to make that distinction clear. The words which she attributes to herself characterize the student body of the University as a "ticking time bomb for mental health issues." Although the Plaintiff implicitly alleges temporal proximity between her speech and her notice of non-renewal, she does not allege any retaliation which occurred before August 4, 2018, even though she alleges to have been speaking out since May of that same year. She alleges that "the University terminated numerous

7

employees," during that year,[3] (Compl. ¶ 9). She does not allege any facts which would show that those terminations do not constitute comparators whose circumstances would prove the University's legitimate interests in the Plaintiff's termination. It is entirely possible, and indeed, probable, that these terminations and the facts of the Plaintiff's own notice of non-renewal were the result of legitimate restructuring activities by the University. The complaint does not foreclose, or even address, this possibility, and therefore has not established a prima facie case or sufficiently shown that "the speech played a substantial or motivating role in the government's decision to take an adverse employment action," other than a bare recitation of elements. The Plaintiff offers no sufficient set of facts from which the Court could infer more than the "mere possibility of misconduct."

### d. The complaint does not state a claim upon which relief may be granted against Defendant Avent in his individual capacity for a violation of Article 1, Section 4 of the Florida Constitution

"In the state of Florida, damages cannot be recovered for constitutional violations." *Florida Family Policy Council, Inc. v. Broward Cty, Fla.*, 2008 WL 11401784 (S.D. Fla. Jan. 15, 2008) (citing *Garcia v. Reyes*, 697 So. 2d 549, 49 (Fla. 4th DCA 1997). The Plaintiff therefore cannot state a claim for damages based on the Florida Constitution.

Additionally, as it relates to claims based on state constitutional rights against state officers in their individual capacities, the Middle District has recognized the similarity and applied the same rationale that is employed in federal claims to dismiss causes of action that seek injunctive relief against a state official in his individual capacity. *Hall v. Jarvis*, 2011 WL

---

[3] It was these very terminations that the Plaintiff alleges formed the basis of her speeches, (Complaint ¶ 10).

971125 (M.D. Fla. March 2, 2011). Such relief may not properly be granted against a state official in his individual capacity because it is "considered to be [an] official capacity claim against the relevant government entity," and therefore Eleventh Amendment considerations would act to bar the claim. *Id.* (citing *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 n.9 (11th Cir. 1995)). The fact that the claim is based on state law is an even stronger consideration in applying sovereign immunity. "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). The cause of action against the Defendant for an injunction under the Florida Constitution is therefore barred by sovereign immunity and should be dismissed.

### III. Conclusion

For the foregoing reasons, the Defendant respectfully requests that the Court dismiss the Plaintiff's complaint.

Respectfully submitted,

s/ Thomas M. Gonzalez
Thomas M. Gonzalez
Florida Bar No. 192341
Thompson, Sizemore, Gonzalez & Hearing, P.A.
Street: 201 North Franklin Street, Suite 1600
Tampa, Florida 33602
Mail: Post Office Box 639
Tampa, Florida 33601
Telephone: 813-273-0050
Facsimile: 813-273-0072
Email: tgonzalez@tsghlaw.com
Attorney for Defendant, Randy Avent

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 19th day of November, 2018, by CM/ECF electronic filing to the Clerk of Court and to the following:

Eric Lindstrom
Heidi Parker
Egan, Lev, Lindstrom & Siwica, P.A.
P.O. Box 2231
Orlando, FL 32802
elindstrom@eganlev.com
hparker@eganlev.com

s/ Thomas M. Gonzalez
Attorney
