**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHRISTINA DRAKE,**

      **Plaintiff,**

vs.                                            Case No.: 8:18-cv-2257-EAK-TGW

**RANDY AVENT, individually and as President of Florida Polytechnic University, and TERRY PARKER, Individually and as Provost and Executive Vice President of Florida Polytechnic University,**

      **Defendants.**
_____/

## ANSWER AND DEFENSES

The Defendant, Randy Avent, individually and in his official capacity as President of Florida Polytechnic University, ("Defendant"), answers and files his defenses to the Verified Complaint ("Complaint"), brought by the Plaintiff, Christina Drake, ("Plaintiff"), and says:

1.      The Defendant is without knowledge of the allegations contained in paragraph 1 of the complaint.

2.      The Defendant admits the subject matter jurisdiction of the Court. The Defendant denies any allegations of wrongdoing pled or implied in paragraph 2 of the complaint.

3.      The Defendant admits the propriety of venue, but denies any allegation of wrongdoing pled or implied in paragraph 3 of the complaint.

4.      The Defendant admits the allegation contained in paragraph 4 of the complaint.

1

5. The Defendant admits that the Plaintiff has been employed by Florida Polytechnic University since 2014 as an assistant professor. Answering further, the Defendant's March 7, 2014 offer letter from the University stated "I am pleased to offer you a position as Assistant Professor of Mechanical & Industrial Engineering (with emphasis on Nanotechnology & Multifunctional Materials) and Electrical Engineering (with emphasis on Semiconductors and Electrodynamics) in the College of Engineering." The Defendant is without knowledge of the remaining allegations contained in paragraph 5 of the complaint.

6. The Defendant admits the allegation contained in paragraph 6 of the complaint.

7. The Defendant admits the allegations contained in paragraph 7 of the complaint.

8. The Defendant denies that the Plaintiff has "brought lucrative grant funding to the University." The Defendant is without knowledge of the remaining allegations contained in paragraph 8 of the complaint because the Plaintiff does not define what she means by "favorable" or "prestigious."

9. The Defendant admits that in May and June of 2018, the University terminated employees including the wellness counselor and the assistant librarian. The Defendant denies all other allegations contained in paragraph 9 of the complaint.

10. The Defendant denies the allegations contained in paragraph 10 of the complaint.

11. The Defendant admits that the Plaintiff appeared at a meeting of the Board of Governors for the State University System held on June 28, 2018 and admits that the meeting

was open to the public. The words spoken by the Plaintiff at that meeting are a matter of recorded and transcribed record. The Defendant therefore denies the remaining allegations contained in paragraph 11 of the complaint.

12. The Defendant admits the allegations contained in paragraph 12 of the complaint.

13. The Defendant admits that on August 4, 2018 there appeared in the Tampa Bay Times an article titled "At Florida Poly, a student suicide and a question: Could it have been avoided?" The article speaks for itself. The Defendant is without knowledge of the remaining allegations contained in paragraph 13 of the complaint.

14. The Defendant denies the allegations contained in paragraph 14 of the complaint.

15. The Defendant denies the allegations contained in paragraph 15 of the complaint as stated. Answering further, the Plaintiff's August 15, 2018 notice stated that the Plaintiff's "current faculty contract expires on August 15, 2019," the University "will not offer you a new faculty contract," and "the University will permit you to teach during the 2018-2019 academic year, and your last day of employment will be August 15, 2019."

16. The Defendant is without knowledge of the Plaintiff's allegations as they are described in paragraph 16 of the complaint. The Defendant admits that the Defendant Avent approved the Defendant Parker's recommendation not to offer the Plaintiff a new contract for the 2019-2020 academic year. The Defendant denies the remaining allegations in paragraph 16 of the complaint.

17. The Defendant is without knowledge of what the Plaintiff's allegation is. The Defendant denies that he caused the Plaintiff's contract to be non-renewed in retaliation for her speaking out publicly on important matters of public concern.

18. The Defendant denies the allegations contained in paragraph 18 of the complaint.

19. The Defendant denies the allegations contained in paragraph 19 of the complaint.

20. The Defendant denies the allegations contained in paragraph 20 of the complaint.

21. The Defendant denies the allegations contained in paragraph 21 of the complaint.

22. In response to the allegations contained in paragraph 22 of the complaint the Defendant repeats his answers to paragraphs 1 through 21 of the complaint.

23. The Defendant denies the allegations contained in paragraph 23 of the complaint.

24. The Defendant is without knowledge of the Plaintiff's allegations as they are described in paragraph 24 of the complaint. The Defendant denies that the Plaintiff's protected speech was a motivating factor in his decision to non-renew her annual employment contract.

25. The Defendant is without knowledge of the Plaintiff's allegations as they are described in paragraph 25 of the complaint. The Defendant denies that he violated 42 U.S.C. section 1983 and denies that he used his authority as an administrator to retaliate against the

Plaintiff for speaking out publicly on important matters of public concern, thus depriving her rights guaranteed by the First Amendment of the United States Constitution.

26. In response to the allegations contained in paragraph 26 of the complaint the Defendant repeats his answers to paragraphs 1 through 21 of the complaint

27. The Defendant denies the allegations contained in paragraph 27 of the complaint.

28. The Defendant is without knowledge of the Plaintiff's allegations as they are described in paragraph 28 of the complaint. The Defendant denies that the Plaintiff's protected speech was a motivating factor in Defendants' decision to non-renew her annual employment contract.

29. The Defendant denies that he violated 42 U.S.C. section 1983 and denies that he used his authority as an administrator to retaliate against the Plaintiff for speaking out publicly on important matters of public concern, thus depriving her rights guaranteed by the First Amendment of the United States Constitution

30. The Defendant denies the allegations contained in paragraph 30 of the complaint.

31. The Defendant makes no response to the allegations contained in paragraphs 31 through 34 of the complaint because they have been dismissed.

32. The Defendant denies that the Plaintiff is entitled to any of the relief for which the Plaintiff prays in the unnumbered paragraphs pled under the title "Prayer For Relief" which follow paragraph 34 of the complaint.

## DEFENSES

33. The Defendant's actions were objectively reasonable in light of clearly established law and the Defendant therefore asserts his right to qualified immunity from suit.

Respectfully submitted,

/s/ Thomas M. Gonzalez
Thomas M. Gonzalez
Florida Bar No. 192341
GrayRobinson, P.A.
401 East Jackson Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 273-5000
Facsimile: (813) 273-5145
Thomas.Gonzalez@gray-robinson.com
Attorney for the Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 17th day of May, 2019, by CM/ECF electronic filing to the Clerk of Court and to the following:

Eric Lindstrom
Egan, Lev, Lindstrom & Siwica, P.A.
Post Office Box 2231
Orlando, Florida 32802
elindstrom@eganlev.com

/s/ Thomas M. Gonzalez
Attorney